# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**PHILLIP DEWAYNE STEWART**                                              **PETITIONER**

**VS.**                               **4:21-CV-00925-LPR-ERE**

**ARKANSAS DEPARTMENT**
**OF CORRECTION**                                                        **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Lee Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of the Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.   Background

On October 13, 2021, Petitioner, Phillip Stewart, filed this § 2254 habeas petition, which contests a 1998 conviction from Missouri. Notably, in the petition, Mr. Stewart concedes that he is "no longer detained by the state of Missouri . . . ." *Doc. 1, at p. 5.* According to the Arkansas Division of Correction's ("ADC")

website, Mr. Stewart currently is serving time in the ADC for a 2012 sentence out of Pulaski County, Arkansas.

### III. Discussion

After conducting the required initial review of a § 2254 habeas petition, the Court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; 28 U.S.C. § 2243. As part of this initial review, the Court must determine whether it has subject matter jurisdiction. See *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

"The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). "A person must be in custody under the conviction or sentence attacked at the time of filing." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991). Because Mr. Stewart is no longer in custody in Missouri for the 1998 conviction, the Court lacks subject-matter jurisdiction. *Id.*

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner Phillip Stewart's § 2254 habeas petition be *(Doc. 1)* DISMISSED.

2. The pending motion to appoint counsel *(Doc. 2)* be DENIED as MOOT.

DATED this 22nd day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE