**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**PHILLIP DEWAYNE STEWART**                                                    **PETITIONER**

**V.**                                 **Case No.:  4:21-CV-00925-LPR-ERE**

**ARKANSAS DEPARTMENT
OF CORRECTION**                                                            **RESPONDENT**

<u>**ORDER**</u>

The Court has received a Recommendation from Magistrate Judge Edie R. Ervin, along with objections filed by Mr. Stewart.  After a careful and *de novo* review of the Recommendation, the objections, and the entire record in this case, the Court concludes that the Recommendation should be, and hereby is, approved and adopted—with the following caveat.

Mr. Stewart is currently in custody in Arkansas state prison due to two 2012 convictions in Arkansas state court.  Mr. Stewart is not directly challenging either of these convictions or the sentences from these convictions.  Instead, Mr. Stewart is challenging the constitutionality of a 1998 conviction from Missouri state court.  Mr. Stewart's sentence from that 1998 Missouri conviction has been fully served.  Judge Ervin concludes that the petition should be dismissed because the conviction that Mr. Stewart is collaterally attacking is not the conviction for which he is currently in custody.  Judge Ervin is correct that in almost every circumstance this should be the end of the matter.  But the particular circumstances of this petition merit a brief additional discussion.

Mr. Stewart's 1998 Missouri conviction was for two counts of first degree sex abuse.[1]  Mr. Stewart's 2012 Arkansas convictions were for first degree battery and failure to register as a sex

---

[1] *See* Petition (Doc. 1) at 1.

offender.[2]  Thus, while Mr. Stewart is not serving a sentence for the 1998 conviction, he is serving a sentence that is indirectly based on the 1998 conviction.  That is because he would not have had any obligation to register as a sex offender if it were not for that 1998 conviction.  The Supreme Court has recognized that—in very narrow circumstances—this could be enough to allow Mr. Stewart to challenge the prior conviction despite the fact that his sentence for the prior conviction has been fully served.  However, Mr. Stewart does not fall within the narrow exception that the Supreme Court has established.

In *Lackawanna County District Attorney v. Coss*, the Supreme Court held that when a prisoner's current sentence was enhanced due to a previous unconstitutional conviction, habeas review of the previous conviction is generally unavailable when the present conviction is "no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully) . . . ."[3] The Supreme Court did leave a small crack in the door, however.  A prisoner may challenge a previous, fully served conviction if that previous conviction "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment as set forth in *Gideon v. Wainwright*."[4]  The Supreme Court implicitly acknowledged that the same rationale would apply to a prisoner challenging a previous conviction as a predicate to his current conviction.[5]

Mr. Stewart does not check any of the boxes necessary to benefit from this exception.  First, he at no point actually raises the fact that his 1998 conviction was a predicate for his 2012

---

[2] *See* Jan. 12, 2012 Plea Statement in *Arkansas v. Stewart*, 60-CR-10-1859 (first degree battery); June 25, 2012 Plea Statement in *Arkansas v. Stewart*, 60CR-12-558 (failure to register).  The Court can, and does, take judicial notice of the filings in the state court prosecution.  Fed. R. Evid. 201

[3] 532 U.S. 394, 402 (quoting *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578 (2001)).

[4] *Id.* at 404.

[5] *Alaska v. Wright*, 141 S.Ct. 1467, 1468 (2021).

2

conviction.  Second, he concedes in his habeas petition that he did not seek direct review of his 1998 conviction.[6]  Third, Mr. Stewart was represented by appointed counsel in the 1998 prosecution.

Petitioner Phillip Stewart's § 2254 habeas petition is DENIED without prejudice,[7] and this case will be CLOSED. The motion to appoint counsel *(Doc. 2)* is DENIED as MOOT.

IT IS SO ORDERED this 10th day of December 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[6] Petition (Doc. 1) at 2.

[7] Judge Ervin's Recommendation stated that the petition should be dismissed for lack of jurisdiction because Mr. Stewart was not "in custody."  Under *Lackawanna County*, it appears that Mr. Stewart in fact satisfies the "in custody" requirement.  *See* 532 U.S. at 401–02 (finding that prisoner was "in custody" when his petition could be construed as challenging his current sentence "as enhanced by" the allegedly unconstitutional previous conviction).  Whether the correct disposition is dismissal for lack of jurisdiction, or dismissal because review is inappropriate, the final disposition is without prejudice.  Thus, the practical effect for Mr. Stewart is the same.